UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:11CV589 SNLJ |
| | ) | |
| LAURA GIAIMO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM and ORDER

This matter is before the Court upon the parties' cross-motions for summary judgment. (#83, #97.) Defendant has been appointed counsel by this Court. The matter has been fully briefed and is now ripe for disposition.

As of May 2015, defendant Laura Giaimo owed $349,916.89 in federal income tax liabilities for tax years 1992-1994, 2000-2003, and 2005-2006. The United States brought this case to facilitate collection of that debt.

**I.    Background**

The following facts are undisputed. Defendant filed a bankruptcy petition in 1995 and asked the court to, among other things, determine her 1992-1994 tax liabilities. The Internal Revenue Service ("IRS") assessed taxes and penalties due in accordance with the Bankruptcy Judge's decision, along with interest and additional penalties for Giaimo's continued failure to pay the tax owed, which totaled $285,309.46. The debt was not dischargeable in bankruptcy and to date has not been paid.

Plaintiff ran a day care center/school until it closed in 1996. She then worked for various companies earning an hourly wage. She did not file tax returns for tax years

2000-2003 and 2005. The IRS used information provided by third parties like Giaimo's employers, the Social Security Administration, and the mortgage holder on Giaimo's home to determine that Giaimo had taxable income and owed tax. The IRS determined that Giaimo owed $58,982.01 in taxes, interest, and penalties for 2000-2003 and 2005.

On October 17, 2007, Giaimo filed her 2006 income tax return with the IRS. The IRS accepted the information she reported with two changes. First, the IRS reduced the capital loss Giaimo reported to $3,000 from $5,000 due to a statutory limitation. 26 U.S.C. § 1211(b)(1) (limiting capital losses to $3,000). Second, the IRS denied the education credit Giaimo claimed. Giaimo cannot substantiate the education costs or the grants or scholarships that her daughter received. Records submitted to the IRS by Saint Louis University reflect that Giaimo's daughter was billed $18,930 and received $17,200 in scholarship and grant money. But the amounts reported by the University do not match what Giaimo reported on her 2006 income tax return and do not describe what Giaimo or her daughter actually paid to (as opposed to what was billed by) Saint Louis University. On February 4, 2008, the IRS made assessments against Giaimo totaling $3,673.12 for income tax and interest for tax year 2006. As of Spring 2015, defendant owed $5,625.42 in tax liability, fees, and interest.

The United States seeks to satisfy these debts by taking Giaimo's home on Freedom Way in St. Charles, Missouri (the "Freedom Way Property"). The house is held by a trust, the A. Martin Giaimo Family Trust, but because defendant does not appear to contest that the Freedom Way Property is her asset, the Court need not recite the details of the Trust's creation and funding.

However, because Giaimo asserts that the statute of limitations has run on the United States' attempt to enforce its lien on her home, the Court must set forth the

2

pertinent facts surrounding this matter's extensive administrative history.

Congress has provided the IRS with ways to collect on unpaid, assessed tax liabilities such as that owed by defendant: the IRS can (1) levy on a taxpayer's property, and/or (2) file a notice of tax lien with a county office. 26 U.S.C. §§ 6323(a), (f), 6331(a). The IRS sends the taxpayer a "Notice of Intent to Levy and Notice Of Your Right To A Hearing" or a "Notice of Federal Tax Lien Filing and Your Right to A Hearing Under IRC 6320" when it intends to levy on a taxpayer's property or has filed a notice of federal tax lien, respectively. *See id*. §§ 6320(a), 6330(a). Each notice refers to either the levy or the filing of a notice of federal tax lien. The taxpayer then has the right to request a "Collection Due Process" ("CDP") hearing from the IRS within 30 days of either notice. *Id.* §§ 6320(a)(3)(B) and (b), 6330(a)(3)(B) and (b).

The IRS sent Giaimo three notices informing her of its intent to begin a collection action and her right to request a CDP hearing:

- On February 7, 2005, for tax years 1992 through 1994, the IRS sent Giaimo a notice about an impending IRS levy and Giaimo's right to a CDP hearing in conjunction with that levy (the "1992-1994 Levy Notice").

- On April 12, 2005, the IRS sent Giaimo a "Notice of Federal Tax Lien Filing and Your Right to A Hearing Under IRC 6320" (the "1992-1994 Lien Notice").

- On April 30, 2005, for tax year 1990, the IRS sent Giaimo a "Final Notice of Intent to Levy and Notice Of Your Right to A Hearing," for tax year 1990 (the "1990 Levy Notice"). The letter informed Giaimo that the IRS intended to levy on her property to collect her unpaid 1990 tax liabilities

and that she could request a collection due process hearing.

In response, in April and May 2005, Giaimo sent several Forms 12153, "Request for a Collection Due Process Hearing" (the "CDP Requests"), to the IRS relating to tax years 1990, 1992, 1993, and 1994. On each of the Forms 12153, just above Giaimo's signature, is the following statement: "I/we understand that the statutory period of limitations for collection is suspended during the Collection Due Process Hearing and any subsequent judicial review."

In her May 2005 CDP Request, Giaimo objected to the "Filed Notice of Federal Tax Lien" and the "Notice of Levy/Seizure" for tax year 1990. The IRS concluded that the May 2005 CDP Request was timely (*i.e.*, within 30 days of the operative notice) with respect the 1990 Levy Notice, but not timely with respect to any notice of federal tax lien filing for tax year 1990.

Giaimo signed her CDP Requests for tax years 1992-1994 on April 19, 2005 and sent them to the IRS on April 21, 2005. The IRS received them on or about April 26, 2005. In her CDP Requests relating to the 1992 through 1994 tax years, Giaimo objected to the "Filed Notice of Federal Tax Lien" and the "Notice of Levy/Seizure." Giaimo filed her April 2005 CDP Requests within 30 days of the April 12, 2005 1992-1994 Lien Notice, but more than 30 days after the February 7, 2005 1992-1994 Levy Notice. The IRS concluded that Giaimo's CDP Requests were timely (*i.e.*, within 30 days of the April 12, 2005 Lien Notice) with respect to the 1992-1994 Lien Notice, but not timely with respect to the 1992-1994 Levy Notice.

On September 22, 2005, the IRS sent Giaimo a letter titled "Appeals Received

4

Your Request for Collection Due Process Hearing" notifying her of, among other things, the IRS's conclusions regarding the timeliness of her CDP Requests, the implications of her CDP Requests on the collection statute, and the hearing process. In pertinent part, the letter stated:

> Your CDP hearing request regarding the filing of the Notice of Federal Tax Lien on the following tax periods was timely: Form 1040, for tax periods December 31, 1992, December 31, 1993, and December 31, 1994. During your hearing and until any appeals become final, the legal collection period is suspended on these tax and periods. . . .
>
> Your levy hearing request was not filed timely, as it was not received or postmarked within 30 days of the Final Notice- Notice of Intent to Levy, and Notice of Your Right to a Hearing on Form 1040, for tax periods December 31, 1992, December 31, 1993 and December 31, 1994. We will offer you a hearing that is equal to a CDP hearing, which we call an equivalent hearing. However, the legal collection period is not suspended nor is levy action prohibited for these tax and periods. . . .
>
> After the hearing, we will issue a determination letter as required by law for the tax and periods for which your CDP hearing request was received timely. If you do not agree with our determination you may appeal the case to the appropriate court. . . .
>
> We will issue a decision letter for the tax and periods for which your CDP hearing request was determined not to be timely. There is no right to challenge Appeals' decision in court. . . .

The IRS Appeals Office conducted a hearing on Giaimo's CDP Requests. Because the IRS concluded that Giaimo's CDP request was timely with respect to the 1990 Levy Notice and the 1992-1994 Lien Notice, the IRS provided Giaimo with a CDP hearing and, on February 13, 2006, sent Giaimo a "Notice of Determination" with respect to those tax years and collection actions, concluding in both instances that the IRS's actions were proper. The Notice of Determination informed Giaimo of her right to

appeal the findings to Tax Court.

Also on February 13, 2006, the IRS issued Giaimo a "Decision Letter" regarding the 1992-1994 Levy Notice because the IRS determined that Giaimo's CDP requests were not timely with respect to the 1992-1994 Levy Notice. The decision letter did not mention "Tax Court" or any appeal rights and, in fact, stated: "there is no right to dispute a decision by the Appeals Office in court under IRC section 6330."

Attached to both the Decision Letter and the Notice of Determination was a more detailed explanation of the IRS's findings, including, in relevant part, the IRS's conclusions regarding the timeliness of her various CDP Requests.

On March 11, 2006, Giaimo signed a Tax Court Petition, contesting the IRS's February 13, 2006 determination regarding tax years 1990, 1992, 1993, and 1994. The Tax Court docket shows Giaimo's Tax Court Petition was filed on March 20, 2006.

The IRS filed a motion for summary judgment. The Tax Court granted the IRS's motion and entered judgment in favor of the IRS on April 11, 2007. The Tax Court's decision specifically referenced the 1992-1994 Lien Notice, as well as the February 13, 2006 Notice of Determination. The Tax Court held that the IRS "may proceed with the collection action as determined in the notice of determination…." Giaimo did not appeal the Tax Court's decision.

The United States filed this lawsuit on March 31, 2011 seeking (1) to reduce to judgment its tax assessments made against Giaimo and enforce its federal tax liens against Giaimo's home located on Freedom Way in St. Charles, Missouri ("Freedom Way Property"), (2) obtain a declaration that Giaimo and not the A. Martin Giaimo

Family Trust, is the true, equitable, and de facto owner of Giaimo's home on Freedom Way, and (3) order the sale of the Freedom Way Property in partial satisfaction of Giaimo's debts. The United States also named The A. Martin Giaimo Family Trust, the Heritage Residents Association, and Anthony Martin Giaimo (Laura Giaimo's husband) as party defendants because those defendants may have claimed an interest in the Freedom Way Property. *See* 26 U.S.C. § 7403.

Although Laura Giaimo answered the United States' complaint, the remaining defendants did not. Therefore, on September 13, 2011, this Court granted judgment against them and in favor of the United States. Specifically, this Court held:

> [T]he United States is granted judgment against defendants A. Martin Giaimo, the A.Martin Giaimo Family Trust, and the Heritage Residents Association, and as a consequence of that judgment these defendants have no rights, claims, or interest that is senior to the federal tax liens in the real property located at 14 Freedom Way, St. Charles, Missouri.

The United States has filed for summary judgment against Laura Giaimo. Defendant Giaimo argues that the statute of limitations precludes the United States from bringing this action, and she seeks summary judgment on that basis.

## II.     Summary Judgment Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the

facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

## III. Discussion

The parties' arguments involve the statute of limitations and, to a lesser degree, the appropriateness of levying Giaimo's home and questions regarding Giaimo's tax liability.

### A. Statute of limitations

The United States has 10 years to initiate a collection action after making a tax assessment. 26 U.S.C. § 6502. The parties agree that the tax assessment for the 1992-1994 tax years was made on February 12, 1999. This collection action was brought on March 31, 2011, which was more than twelve years after the assessment was made. The United States contends that the statute of limitations was tolled by Giaimo's request for administrative review by the IRS.

As indicated above in the facts, when the IRS files a notice of federal tax lien or intends to levy on a taypayer's assets, it sends the taxpayer a notice of federal tax lien

8

filing or a notice of intent to levy, respectively. *See* 26 U.S.C. §§ 6320(a), 6330(a). The taxpayer may then request a Collection Due Process Hearing ("CDP Hearing") from the IRS within 30 days of the notice. *Id.* §§ 6320(a)(3) and (b), 6330(a)(3) and (b). If the request is made within that 30 day window, the IRS conducts a hearing and issues a "Notice of Determination." *Id.* §§ 6320(c), 6330(d); 26 C.F.R. §§ 301.6320-1 (Q-E8, A-E8), 301.6330-1(Q-E8, A-E8).

The 10-year-collection statute is suspended during the time the CDP proceeding is pending, including any time associated with a Tax Court appeal, plus 90 days. 26 U.S.C. §§ 6320(c), 6330(e)(1), 6502(a). The parties agree that Giaimo timely requested a CDP hearing in conjunction with the 1992-1994 Lien Notice on April 26, 2005. Giaimo received a CDP hearing, received her Notice of Determination letter, petitioned the Tax Court, and then did not appeal the Tax Court's decision. The Tax Court's decision became final on July 9, 2007, when Giaimo's appeal period ended. Thus, the United States argues that Giaimo's actions suspended the 10-year-collection statute for two years and 165 days, which consists of the time from April 26, 2005 through July 9, 2007, plus an additional 90 days. The United States calculates that it had from the date of the assessment, February 12, 1999, plus 10 years, plus two years and 165 days, in which to file this lawsuit, which was filed on March 31, 2011.

Giaimo focuses not on her timely request for CDP hearing regarding the 1992-1994 Lien Notice, but instead on her *untimely* request for hearing on the 1992-1994 <u>Levy</u> Notice. The untimeliness of that request is significant because, when a taxpayer requests a hearing after the 30-day period, the IRS provides the taxpayer with an "equivalency hearing" which culminates in a "decision letter" that is not appealable to the Tax Court. Moreover, the late-filed request and ensuing "equivalency hearing" do not toll the

9

collection statute of limitations. Giaimo thus argues that her late-filed request related to the 1992-1994 Levy Notice means that the statute of limitations was not tolled and that the United States filed this lawsuit over a year late.

Giaimo argues that the IRS's lien and levy procedures are fundamentally different and that they should not be treated as interchangeable --- that is, she argues that the timely-filed CDP request for the Lien Notice could not have tolled the statute of limitations for acting upon the lien or levy because she filed an untimely CDP request for the Levy Notice. Giaimo observes that a lien can be subsumed into a levy if the IRS elects to foreclose on its lien and that federal tax liens are in fact enforced by levy. (#90 at 4 (citing *United States v. Bell Credit Union*, 860 F.2d 356, 367 (10th Cir. 1988). Although the levy and lien are certainly distinct legal concepts, the plain language of the statute, *see* 26 U.S.C. §§ 6320(c), 6330(e)(1), tolls the statute of limitations for collection activities if a CDP request is timely filed for either. Thus, the IRS was unable to continue with the collection of the subject of its 1992-1994 lien upon receipt of Giaimo's timely CDP request for the Lien Notice. The fact that Giaimo's CDP request for the 1992-1994 Levy Notice was untimely is therefore not relevant because the Levy Notice involved the same subject matter as the Lien Notice. Collection activities were suspended.

Giaimo's next argument concerns her appeal of the Letter of Determination to the Tax Court. The IRS issued its "Letter of Determination" regarding the Lien Notice and a "Decision Letter" regarding the Levy Notice on February 13, 2006. The Letter of Determination was appealable to the Tax Court because plaintiff had received a full CDP hearing after timely filing her CDP request. However, the Decision Letter regarding the Levy Notice was not appealable because that CDP request had been untimely, and the

Decision Letter thus stated "there is no right to dispute a decision by the Appeals Office in court under IRC section 6330." On March 11, 2006, Giaimo signed a Tax Court Petition, contesting the IRS's February 13, 2006 determination regarding tax years 1990, 1992, 1993, and 1994. The Tax Court docket shows Giaimo's Tax Court Petition was filed on March 20, 2006. Giaimo contends that the Tax Court had no jurisdiction to hear her appeal because, she says, it was "Levy Related" and it was late-filed.

In support of her argument that Giaimo appealed the "Levy-Related" decision, for which there was no right to appeal, and not the lien-related Letter of Determination, Giaimo cites her Petition before the Tax Court. The Petition form allowed Giaimo to check a box indicating she wished to file a "Petition for Lien or Levy Action (Collection Action)," which she checked. In the form's small space in which to set forth the relief requested, Giaimo did not specifically mention the Lien Notice. Regardless, the only appealable determination was the Letter of Determination issued regarding the Lien Notice. The Tax Court's opinion does reference § 6330(c), but § 6330(c) pertains to both lien and levy notices. *See* 26 U.S.C. §6320(c) (incorporating § 6330(c)). The Letter of Determination regarding the Lien instructed Giaimo that she could appeal that decision, and she did. Finally, the Tax Court's order explicitly refers to the Lien Notice by reference to the Letter of Determination: "It is further ORDERED AND DECIDED that respondent may proceed with the collection action as determined in the notice of determination relating to the years in issue upon which this case is based."[1] The

---

[1] The Tax Court refers to the Letter of Determination as a "Notice," likely because that is how the document itself is titled. The terms are used interchangeably, but they are

11

limitations statute's tolling continued as a result pursuant to § 6320(c).

Next, Giaimo contends that her Tax Court petition was filed after the 30-day appeals period expired and that the Tax Court lacked jurisdiction as a result. Therefore, Giaimo argues, the statute was not tolled while the Tax Court reviewed the appeal. The Letter of Determination was issued on February 13, 2006. Giaimo's appeal to the Tax Court was filed on March 20, 2006, which is 35 days after the Letter of Determination's issuance. However, as the United States points out, Giaimo had 30 days from the date of the Letter of Determination to *mail* her petition to the Tax Court. *See* 26 U.S.C. § 7502 ("Timely mailing treated as timely filing and paying"). Giaimo clearly signed the Petition on March 11, which was well before her mailing deadline of March 15, 2006. Giaimo has set forth no evidence that she in fact mailed the Petition after March 15. Furthermore, the Tax Court received and docketed the petition, would have had the opportunity to inspect the postmark, *see* 26 U.S.C. § 7502, and clearly believed it had jurisdiction when it considered the merits of Giaimo's petition.

Because the statute of limitations was tolled by Giaimo's administrative review process, the United States' collection action before this Court was timely filed. Giaimo's summary judgment motion will be denied.

### B. Alternative Methods of Payment

Giaimo argues next that alternative methods of payment should be considered before the IRS seizes Giaimo's home. Her primary basis for that argument appears to be her expectation that this Court would grant her summary judgment on the 1992-1994

---

clearly different from the "Decision Letter" issued in the case of an "Equivalency Hearing" for untimely-filed CDP requests.

assessments and thus reduce her liability by more than 81%. However, this Court rejected Giaimo's statute of limitations argument, and the 1992-1994 assessments stand such that her total liability is well over $300,000.

Giaimo also argues that she is 73 years old, in poor health, and has no way to support herself. Her husband is serving an indefinite prison sentence and is unable to assist with her bills. She says she needs her mortgage-free primary residence to make ends meet and cannot afford to pay rent or a mortgage. Giaimo's reliance on economic hardship as justification for releasing a levy, however, relates to the IRS's administrative levy process. *See* 26 U.S.C. §§ 6343(a)(1)(D), 6331. This, however, is not an administrative levy, but a § 7403 proceeding which is "wholly different from an administrative levy under 26 U.S.C. § 6331." *Hatchett v. United States*, 330 F.3d 875, 884 (6th Cir. 2003) (quoting *United States v. Rodgers*, 461 U.S. 677, 682 (1983)). "The United States may enforce its interest in an IRS administrative levy under 26 U.S.C. § 6331 or as in this case, seek judicial enforcement of the federal tax lien pursuant to 26 U.S.C. § 7403." *United States v. Dudley*, No. 1:12CV127 SNLJ, 2014 WL 7507242, at *7 (E.D. Mo. Nov. 18, 2014) (quoting *United States v. Peters,* 4:12CV1395 AGF, 2014 WL 2611813, at *8 (E.D. Mo. June 11, 2014)).

> Pursuant to 26 U.S.C. § 7403, courts have only limited discretion to deny foreclosure of a federal tax lien on a taxpayer's property. *See United States v. Rodgers*, 461 U.S. 677, 709 (explaining that Congress's use of the word "may" in § 7403 affords a district court a limited degree of equitable discretion in ordering the enforcement of federal tax liens). However, the relevant equitable considerations are the interests of non-liable third parties, rather than the interests of the taxpayer. *See id*. at 709–711.

*Peters*, 2014 WL 2611813, at *9. As this Court noted in *Peters*, the Supreme Court has stated that "[w]e can think of virtually no circumstances [under § 7403], for example, in which it would be permissible to refuse to authorize a sale simply to protect the interests

13

of the delinquent taxpayer himself or herself." *Id.* (quoting *Rodgers*, 461 U.S. at 709-11). It is a universal truth that no one wants to lose his or her home; the law compels the United States to collect on Giaimo's debt, and the house is Giaimo's asset. No one has come forward to claim a competing ownership interest in the property, and the Court is without discretion to do what Giaimo requests.

### C. The 2000-2003, 2005-2006 Tax Assessments

Giaimo's arguments regarding the validity of her more recent tax liabilities center mainly on the assumption that this Court would find in her favor regarding the statute of limitations for the 1990s assessments. Giaimo also contends she is entitled to $95,964.69 in capital loss "carryovers," up to $3,000 each year from August 1998. The United States agrees she was entitled to a capital loss deduction of $3,000 in 2006 (in fact, Giaimo requested a $5,000 capital loss deduction which was reduced to $3,000 by the IRS). However, with respect to tax years 2000-2003 and 2005, Giaimo did not file tax returns for those years and therefore cannot meet her burden of proof to show how much of carryover deduction was taken or what if any of the carryover remains. *See INDOPCO, Inc. v. C.I.R.*, 503 U.S. 79, 84 (1992) ("an income tax deduction is a matter of legislative grace and that the burden of clearly showing the right to the claimed deduction is on the taxpayer.").

Giaimo also wonders whether the IRS has properly applied certain payments made on the tax years at issue. The United States responds that it has provided Giaimo with Forms 4340 for the tax years at issue and that Giaimo has not come forward with admissible evidence to show the plaintiff has wrongly calculated what she owes. The Court agrees there is no reason for this Court to find that plaintiff has improperly calculated defendant's tax liability.

## IV. Conclusion

Defendant owes taxes that were due nearly 25 years ago, and she continued to incur tax liability in the 2000s, when she failed to file tax returns. The IRS indicated that it would seek collection of the debt by levying her property over ten years ago, and this matter --- the final step in the collection process --- has been pending for nearly five years. Defendant has had ample time to contemplate her options as this matter has proceeded. Moreover, defendant was appointed counsel to represent her in this matter, and her attorneys have represented her admirably. The Court must grant summary judgment to the plaintiff and deny summary judgment to defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Summary Judgment (#83) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's Motion for Partial Summary Judgment (#97) is **DENIED**.

Dated this __18th__ day of March, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE