UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:11CV589 SNLJ |
| ) | |
| LAURA GIAIMO, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant Laura Giaimo's motion to stay execution of the judgment pending appeal and waiver of the supersedeas bond requirement. The United States opposes the motion.

On March 18, 2016, this Court granted the United States' motion for summary judgment and entered judgment in favor of the United States and against defendant Laura Giaimo for unpaid federal income tax liabilities in the amount of $349,916.89, plus interest that accrues from May 12, 2015 until full payment. The Court found that the federal tax liens against defendant are valid and subsisting liens that attached at the time of the assessments to all property held by defendant, including the real property at 14 Freedom Way, St. Charles, Missouri 63303. The Court ordered that the Freedom Way Property be sold and the proceeds distributed to the United States in partial satisfaction of defendant's outstanding federal tax liabilities and in repayment of her debt to the United States Department of Labor. Thereafter, on April 5, 2016 the Court entered the Order of Sale.

Defendant has stated her intention to file an appeal and requests a stay of execution of the judgment pending appeal and waiver of the supersedeas bond requirement. Rule 62(d) of the Federal Rules of Civil Procedure, provides that:

> [i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

The supersedeas bond serves three main purposes:

> [F]irst, it permits the appellant to appeal without risking satisfying the judgment prior to appeal and then being unable to obtain a refund from the appellee after the judgment is reversed on appeal; second, it protects the appellee against the risk that the appellant could satisfy the judgment prior to the appeal but is unable to satisfy the judgment after the appeal; and third, it provides a guarantee that the appellee can recover from the appellant the damages caused by the delay incident to the appeal, that is the bond guarantees that the appellee can recover the interest that accrues on the judgment during the appeal.

*U.S. v. Peters*, 4:12CV1395 AGF, 2014 WL 4979287, at *1 (E.D.Mo. Oct. 6, 2014) (quoting *United States v. Mansion House Center Redevelopment Co.*, 682 F.Supp. 446, 449 n.5 (E.D.Mo. 1988)).

"Typically, when a Court stays a final judgment pending appeal, the appellant posts a bond; however, the Court may grant the stay without a supersedeas bond or with a partial bond." *Knowlton v. Anheuser-Busch Companies, LLC*, 4:13CV210 SNLJ, 2015 WL 5920756, at *2 (E.D.Mo. Oct. 9, 2015).

> In determining whether to lower or waive a supersedeas bond, district courts may look to the following factors: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond

2

would place other creditors of the defendant in an insecure position.

*Id.* (quoting *United States v. Peters*, 4:12CV1395 AGF, 2014 WL 4205065, at *2 (E.D.Mo. Aug. 22, 2014).

Defendant argues the factors weigh in favor of waiver of a supersedeas bond. Defendant contends the appeal would not add complexity to the collection process other than to temporarily delay it. Further, upon conclusion of the appeal, if there is an affirmance of the judgment, the United States can immediately take steps to execute upon it. Although defendant admits that she has no direct ability to pay the judgment, she argues that both parties have an interest in keeping the Freedom Way Property in as good of a condition as it currently exists. It is her home and she hopes to continue to live there. As a result, should she lose on appeal, the Freedom Way Property would still be in good condition to be sold in satisfaction of the judgment. Finally, defendant argues that the equities of this case demand a waiver of the bond. She contends that there is a strong likelihood of irreparable harm if a stay is not granted. This is her home and, if she should prevail on appeal, a reimbursement from the sale of her home would be a hollow victory.

The United States argues that after years of delay, it should not be forced to wait any longer to collect the established liabilities. Further, it argues that defendant has not maintained the value of the property during the pendency of this case because she did not pay the 2014 and 2015 property taxes, which is prioritized over the tax liens. As defendant admits, the only asset available to satisfy the judgment is the Freedom Way Property and, as a result, the United States argues a bond must be required

Upon consideration of the five factors, the Court finds that they weigh in favor of

3

requiring defendant to post a supersedeas bond. The Court will deny defendant's motion to stay and waiver of the supersedeas bond. If defendant seeks a stay, she shall comply with the requirements of Rule 62(d); this Court will not lower or waive the bond. As this Court stated in the memorandum and order granting summary judgment to the United States, defendant has had ample time to contemplate her options as this matter has proceeded. This case has been pending for five years, involving taxes due over twenty years ago and the IRS began seeking collection of the debt over ten years ago. Defendant was well represented by appointed counsel. As it is inevitable that the Freedom Way Property will need to be sold to satisfy defendant's tax obligations from 2000-2003 and 2005-2006, even if she were to prevail on her statute of limitations arguments as to the 1992-1994 taxes, there is no reason to depart from the usual requirement of a supersedeas bond.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for a stay and waiver of supersedeas bond [ECF #117] is **DENIED**.

**IT IS FURTHER ORDERED** that a stay will be automatic if a supersedeas bond in accordance with the requirements of Rule 62(d) is posted by defendant on or before May 17, 2016.

Dated this 6th day of May, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE